UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

Darwin Fifield, Sr.,

        Petitioner,

    -v-                                            06-CV-6235T
                                                              **ORDER**
Carl B. Hunt, Superintendent of
Groveland Correctional Facility

        Respondent.

---

## I. Introduction

Petitioner Darwin Fifield, Sr. ("Petitioner") filed this *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the constitutionality of his custody pursuant to a judgment entered March 16, 2004 in New York State, County Court, Niagara County, convicting him, upon his plea of guilty, of Attempted Use of a Child in a Sexual Performance (New York Penal Law §§ 110.00, 263.05) and Rape in the Third Degree (Penal Law § 130.25 [2]). Following his guilty plea, Petitioner was sentenced to an indeterminate prison term of two and one-third years to seven years on the Attempted Use of a Child in a Sexual Performance conviction, and one and one-third to four years on the Rape conviction, to be served concurrently.

For the reasons stated below, the petition is denied.

## II. Factual Background and Procedural History

On May 8, 2003, Petitioner was charged with seven counts of Use of a Child in a Sexual Performance, seven counts of Rape in the Third Degree, three counts of Sodomy in the Third Degree, and two counts of Endangering the Welfare of a Child. The charges arose from allegations that Petitioner photographed and had sexual relations with the victim, a sixteen year old girl and the sister of Petitioner's wife.

On December 23, 2003, Petitioner pleaded guilty to one count of Attempted Use of a Child in a Sexual Performance and one count of Rape in the Third Degree. In exchange for the plea, the People dismissed the remaining counts of the indictment and also charges of endangering the welfare of a child and aggravated harassment that were pending in Lockport City Court. P. 3.

The court ensured that Petitioner pleaded guilty "freely and voluntarily after full consultation with [his] attorney," and informed him that by pleading guilty, he relinquished important constitutional rights, such as the right to a jury trial on the issue of guilt and the right to confront witnesses who have accused him. Plea ["P."] 9-10. Petitioner also waived his right to appeal his conviction as part of his plea agreement. P. 9.

In violation of the terms of his plea agreement, Petitioner appealed his conviction to the Appellate Division, Fourth Department alleging (1) insufficient allocution; (2) error in

denying a *pro se* motion to withdraw guilty plea; (3) the sentence was unduly harsh and excessive; and (4) the waiver of right to appeal was invalid.[1]

On December 22, 2005, the Appellate Division, Fourth Department, unanimously affirmed Petitioner's conviction. People v. Fifield, 24 A.D.3d 1221 (4th Dep't 2005), lv. denied 6 N.Y.3d 775 (N.Y. 2006).

This habeas petition followed in which Petitioner raises four grounds for relief. For the reasons set forth below, the petition is denied.

**III. General Principles Applicable to Habeas Review**

**A.     The AEDPA Standard of Review**

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal court may grant habeas relief to a state prisoner only if a claim that was "adjudicated on the merits" in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or if it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(2). A state

---

[1] Petitioner also filed a *pro se* supplemental brief contending (1) ineffective assistance of trial and appellate counsel; (2) prosecutorial misconduct; (3) illegal search and seizure; (4) illegal arrest; (5) illegal detention; and (6) judicial error and misconduct.

3

court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). The phrase, "clearly established Federal law, as determined by the Supreme Court of the United States," limits the law governing a habeas petitioner's claims to the holdings (not *dicta*) of the Supreme Court existing at the time of the relevant state-court decision. Williams, 529 U.S. at 412; accord Sevencan v. Herbert, 342 F.3d 69, 73-74 (2d Cir. 2002), cert. denied, 540 U.S. 1197 (2004).

A state court decision is based on an "unreasonable application" of Supreme Court precedent if it correctly identified the governing legal rule, but applied it in an unreasonable manner to the facts of a particular case. Williams, 529 U.S. at 413; see also id. at 408-10. "[A] federal habeas court is not empowered to grant the writ just because, in its independent judgment, it would have decided the federal law question differently." Aparicio v. Artuz, 269 F.3d 78, 94 (2d Cir. 2001). Rather, "[t]he state court's application must reflect some additional increment of incorrectness such that it may be said to be unreasonable." Id. This increment "need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial

4

incompetence." Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir.2000) (internal quotation marks omitted).

Under AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct. The [petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see also Parsad v. Greiner, 337 F.3d 175, 181 (2d Cir.) ("The presumption of correctness is particularly important when reviewing the trial court's assessment of witness credibility."), cert. denied sub nom. Parsad v. Fischer, 540 U.S. 1091, 124 S.Ct. 962 (2003). A state court's findings "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

**B.  Exhaustion Requirement**

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that. . . the applicant has exhausted the remedies available in the courts of the State. . . ." 28 U.S.C. § 2254(b)(1)(A); see, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 843-44 (1999); accord, e.g., Bossett v. Walker, 41 F.3d 825, 828 (2d Cir.1994), cert. denied, 514 U.S. 1054, 115 S.Ct. 1436 (1995). "The exhaustion requirement is not satisfied unless the federal claim has been 'fairly presented' to the state courts." Daye v.

5

Attorney General, 696 F.2d 186, 191 (2d Cir. 1982) (*en banc*), cert. denied, 464 U.S. 1048 (1984).

**IV. Petitioner's Claims**

**A. Coerced and Invalid Guilty Plea**

Petitioner argues that his plea was coerced and involuntary because his attorney told him there was a vendetta against him and there was no chance of winning his case at trial. Petition ["Pet."] ¶22C. Petitioner also claims that his allocution on the charge of Attempted Use of a Child in a Sexual Performance did not satisfy the elements of the penal law and were insufficient to sustain the indictment against him. Id. Petitioner raised these claims on direct appeal and the Appellate Division rejected Petitioner's contentions on the merits. Fifield, 24 A.D.3d at 1221.

As the Supreme Court has noted, "[i]t is beyond dispute that a guilty plea must be both knowing and voluntary." Parke v. Raley, 506 U.S. 20, 28 (1992); Bousley v. United States, 523 U.S. 614, 619 (1998). The standard for determining voluntariness is whether the guilty plea "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970). Since pleading guilty necessarily involves the relinquishment of various constitutional rights, the record must affirmatively demonstrate that the plea was intelligent and voluntary, and that the defendant was informed of

6

certain direct consequences of his plea. See Boykin v. Alabama, 395 U.S. 238, 242 (1969).

In the present case, the Court finds nothing in the record to support Petitioner's assertion that his plea was not knowing, intelligent, and voluntary. A review of the transcript from the plea hearing reveals that Petitioner was informed of and aware of the consequences of pleading guilty. The trial court thoroughly explained the terms of Petitioner's plea agreement, including the provisions addressing his waiver of appeal and the elements and factual basis of the charges against him. P. 6-13. Prior to accepting the plea, the court informed Petitioner that by pleading guilty, he would be waiving his right to a jury trial and the right to confront the prosecution's witnesses. P. 9-10. Petitioner indicated that he understood that he was waiving these important constitutional rights. P. 9-10. Petitioner also expressed his understanding of the charges and his sentencing exposure under those charges. P. 6-7.

Petitioner's allegation that his plea was involuntary because his attorney told him that he would not prevail at trial and that there was a vendetta against him, does not constitute undue pressure on the part of counsel to induce a guilty plea. Rather, it merely reflects counsel's "truthful, if unwelcome, advice regarding the strength of the People's case . . . [and] the advisability of accepting the plea bargain." Lightfoot v. Smith, 2008 U.S. Dist.

7

LEXIS 14191, at *25 (S.D.N.Y. Feb. 25, 2008)(citing United States v. Juncal, 245 F.3d 166, 174 (2d Cir. 2001)("It is similarly common place that a defendant will feel 'coerced' in the lay sense of the word by an attorney's recommendation to plead guilty rather than proceed to trial.")).

Thus, the Appellate Division reasonably determined that Petitioner's plea was "favorable and voluntary." Fifield, 24 A.D.3d 1222. With regard to the state court's determination that Petitioner's valid waiver of the right to appeal encompassed his challenge to the factual sufficiency of the plea allocution, the Court discerns no basis to conclude that such determination was unreasonable. Id. Accordingly, the Appellate Division's rejection of Petitioner's claim that his guilty plea was involuntary and invalid was neither "contrary to" nor an "unreasonable application" of clearly established Federal law.

**B.  Ineffective Assistance of Trial Counsel**

Petitioner alleges that he was denied his constitutional right to effective assistance of counsel on the grounds that: (1) upon counsel's advice, he pleaded guilty to a crime he did not commit; (2) counsel was intimidated by the District Attorney's illegal tactics; and (3) counsel advised him the case could not be won because the police and the District Attorney had a vendetta against him. Pet. ¶22A. Petitioner raised this claim on direct appeal and the Appellate Division held that: "[t]o the extent that the

contention of defendant with respect to ineffective assistance of trial counsel is not forfeited by his plea of guilty and survives the waiver of the right to appeal, we conclude that it is without merit." Fifield, 24 A.D.3d at 1222. Since part of Petitioner's claim that he was denied the effective assistance of counsel goes to the voluntariness of his guilty plea, the Court will address the substance of his claim. See Magee v. Romano, 799 F. Supp. 296, 299 (E.D.N.Y. 1992)(finding that petitioner's waiver of the right to appeal did not encompass claim of ineffective assistance where the claim went to the voluntariness of his guilty plea).

The standard established by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 687 (1984) applies to a claim of ineffective assistance of counsel arising out of the plea process. Hill v. Lockhart, 474 U.S. 52, 57 (1985). To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient, and that this deficient performance prejudiced his defense. Strickland, 466 U.S. at 687. Deficiency is measured by an objective standard of reasonableness and whether, "in light of all the circumstances, the identified acts or omissions, were outside the wide range of professionally competent assistance." Id. at 690. In terms of guilty pleas, the "prejudice" requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Hill, 474 U.S. at 59. To prevail, the defendant

must show that there is a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id.

As the Second Circuit has noted, "an evaluation of ineffective assistance of counsel usually begins with an examination of the strength of the Government's case." United States v. Helgesen, 669 F.2d 69, 71 (2d Cir. 1982). Based on a review of the record before the Court, Petitioner has failed to establish convincing proof of any actual weaknesses in his case which his attorney neglected or failed to exploit; to the contrary, the prosecution demonstrated a substantial amount of credible proof against Petitioner, including the photographs taken by Petitioner of the victim as well as Petitioner's statements to the police wherein he admitted to having sex with the victim and taking pictures of her. Hearing Minutes ["H.M."] 71, 84. Given the charges against him, the strength of the prosecution's case, and the offer extended to him, counsel's advice to Petitioner to plead guilty "was within the range of competence demanded of attorneys in criminal cases." McMann v. Richardson, 397 U.S. 759, 771 (1970).

Part of Petitioner's claim that he was denied effective assistance of counsel stems from his prosecutorial misconduct claim regarding allegations that the District Attorney threatened defense counsel with FBI prosecution for possession of child pornography when defense counsel moved to have the prosecution provide him with

10

copies of the photographs of Petitioner and the victim. See Traverse ["Trav."].[2] Petitioner contends that the District Attorney's threats caused his attorney to abandon Petitioner by informing him that he had no chance of winning his case and advising him to plead guilty. Trav. 2. While the Court does not condone such actions, the Court discerns no basis to conclude that said intimidation caused defense counsel to abandon his client and coerce him into pleading guilty. Further, Petitioner fails to produce any objective evidence to substantiate the bald assertion that such intimidation resulted in counsel's advice to plead guilty. Thus, Petitioner's statement that counsel was ineffective because of the alleged prosecutorial misconduct, without more, is insufficient to support his claim because he has neither shown that counsel was deficient nor a reasonable probability that the outcome of the plea process would have been different. See Germosa v. United States 2003 U.S. Dist. LEXIS 3468, at *12-13 (S.D.N.Y. 2003)("To demonstrate prejudice, a defendant claiming ineffective assistance of counsel with respect to a potential plea must provide some 'objective evidence' that counsel's errors made a difference in the decision whether to plead guilty."(citing United States v. Gordon, 156 F.3d 376, 381 (2d Cir. 1998)).

---

[2] Petitioner raised this claim in the original petition and clarified it in the Traverse, including a letter written by defense counsel to the trial court judge complaining of the District Attorney's threats.

Moreover, Petitioner received a favorable plea agreement through counsel's assistance. Counsel advised Petitioner to plead guilty to one charge of third degree Rape and one charge of the lesser included offense of Attempted Use of a Child in a Sexual Performance. Petitioner was initially charged in a nineteen count indictment, which included seven counts of a Class C felony for Use of a Child in a Sexual Performance where each count is punishable by three and one-half to fifteen years. See New York Penal Law § 70.80 [4(a)(ii)]. The People also dismissed other charges pending against the Petitioner of endangering the welfare of a child and aggravated harassment in exchange for the plea. Thus, Petitioner cannot show prejudice because Petitioner received a more favorable sentence than if he had proceeded to trial and been convicted on the charges in the indictment. See Felix v. United States, 2002 U.S. Dist. LEXIS 15661, at *20 (S.D.N.Y. 2002)("No prejudice exists when a plea agreement lessens the severity of the sentence the defendant would face if convicted at trial.").

Finally, Petitioner stated explicitly in his allocution that he fully understood the consequences of his plea and that he had chosen to plead guilty freely and voluntarily after full consultation with his attorney. P. 6-10. At no time did Petitioner express any problems or concerns regarding his legal representation. In fact, Petitioner's responses indicate that he

was satisfied with counsel's performance upon entering his guilty plea:

> The Court: Have you had plenty of time to discuss this matter with your attorney?
>
> Petitioner: Yes, sir.
>
> The Court: And after those discussions, you feel it's in your best interest to accept this plea?
>
> Petitioner: Yes, sir.
>
> . . . .
>
> The Court: [Y]ou haven't had any trouble communicating with [counsel], have you?
>
> Petitioner: No, sir.
>
> The Court: And he's explained to you the laws and consequences of taking such a plea, right?
>
> Petitioner: Yes, sir.

P. 6-8.

A district court on habeas review may rely on a petitioner's sworn statements and hold him to them. See Blackledge v. Allison, 431 U.S. 63, 74 (1977)("Solemn declarations in open court carry a strong presumption of verity."). Petitioner's sworn statements during the plea colloquy contradict the notion that he was dissatisfied with counsel and are contrary to the claims of ineffective assistance he now alleges, none of which are supported by the record. It appears that Petitioner's claims are based on nothing more than his after-the-fact displeasure with the prosecution's plea offer and the resulting sentence, which does not

13

establish a valid basis on which to find ineffective assistance of counsel. See Albanese v. United States, 415 F. Supp. 2d 244, 254 (citing United States v. Garguilo, 324 F.2d 795, 797 (2d Cir. 1963)("A convicted defendant is a dissatisfied client, and the very fact of his conviction will seem to him proof positive of his counsel's incompetence.")). Thus, Petitioner has failed to meet the Strickland/Hill standard since he has not established that counsel's performance was objectively unreasonable or that the outcome of the plea process would have been different but for counsel's conduct. Accordingly, the Appellate Division's rejection of this claim was neither "contrary to" nor an "unreasonable application" of clearly established Federal law.

**C. Fourth Amendment Claim and Prosecutorial Misconduct**

Petitioner alleges that the police conducted an illegal search and seizure of his home and that the District Attorney engaged in prosecutorial misconduct. Pet. ¶22B, D. Petitioner included these claims in his *pro se* supplemental brief on appeal. The Appellate Division held that both claims were encompassed by Petitioner's waiver of the right to appeal, and forfeited by his plea of guilty. Fifield, 24 A.D.3d at 1222. Specifically, the Appellate Division noted that Petitioner forfeited his right to raise the Fourth Amendment claim because he pleaded guilty before the court issued its suppression ruling. Id.

"By entering a plea of guilty, the accused does not simply state that he did the discrete acts described in the indictment, he admits guilt of a substantive crime." United States v. Broce, 488 U.S. 563, 570 (1989). The plea of guilt is therefore, an "admission of all the elements of a formal criminal charge." McCarthy v. United States, 394 U.S. 459, 466 (1969). Thus, "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to deprivation of constitutional rights that occurred prior to the entry of the guilty plea. . . . [H]e may only attack the voluntary and intelligent character of the guilty plea . . . ." Tollett v. Henderson, 411 U.S. 258, 267 (1973). "It is well settled that a defendant who knowingly and voluntarily enters a guilty plea waives all non-jurisdictional defects in the prior proceedings." United States v. Garcia, 339 F.3d 116, 117 (2d Cir. 2003)(*per curiam*). Therefore, absent a court-approved reservation of issues for appeal, a criminal defendant who pleads guilty may not raise non-jurisdictional challenges on direct appeal or by collateral attack. Hayle v. United States, 815 F.2d 879, 881 (2d Cir. 1987); LaMagna v. United States, 646 F.2d 775, 778 (2d Cir. 1981).

Since Fourth Amendment rights are non-jurisdictional, a defendant's knowing and voluntary guilty plea waives Fourth Amendment claims. See e.g., United States v. Arango, 966 F.2d 64,

15

66 (2d Cir. 1992)(holding that defendant's guilty plea waived his right to object to the constitutionality of the search of his van); <u>Tobon v. United States</u>, 132 F. Supp. 2d 164, 168 (S.D.N.Y. 2001)(finding that petitioner who pleaded guilty waived Fourth Amendment claims in habeas petition). In the present case, Petitioner's Fourth Amendment claims were addressed in a suppression hearing prior to his plea, and any appeal of those claims was waived when he pleaded guilty. Further, since Petitioner's plea was negotiated on the condition that he waive his right to appeal, he did not reserve the right to appeal any issue. Lastly, the Court has already determined that Petitioner made his guilty plea voluntarily, intelligently, and knowingly. Thus, Petitioner's claim alleging Fourth Amendment violations is dismissed because his guilty plea forecloses federal habeas review. For the foregoing reasons, Petitioner's claim of prosecutorial misconduct must also be dismissed.

**V. Conclusion**

For the reasons stated above, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the petition is dismissed. Because petitioner has failed to make "a substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. <u>See, e.g.</u>, <u>Lucidore v. New York State Div. of Parole</u>, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court also

hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. <u>Coppedge v. United States</u>, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED.**

S/Michael A. Telesca
_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:   December 4, 2009
         Rochester, New York